FILED
APR 06 2011
DAVID CREWS, CLERK
BY: _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LISA CARPENTER MOONEY           PLAINTIFF

VERSUS           NO. 3:11-CV-050-11-A

LAFAYETTE COUNTY SCHOOL DISTRICT           DEFENDANT

**JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual damages for violation of First Amendment rights, and for violation of Title VII of the Civil Rights Act of 1964, as amended. The following facts support this action:

1.

Plaintiff LISA CARPENTER MOONEY is an adult resident citizen of 756 Highway 6 West, Oxford, Mississippi 38655.

2.

Defendant LAFAYETTE COUNTY SCHOOL DISTRICT is a political subdivision of the State of Mississippi, which at all relevant times acted under color of state law. It may be served with process upon its superintendent, W. Michael Foster, Lafayette County School District, 100 Commodore Drive, Oxford, Mississippi 38655.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, diversity jurisdiction under 28 U.S.C. § 1332, and civil rights jurisdiction under 28 U.S.C. § 1343, for a cause of action

arising under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. This action is authorized by 42 U.S.C. § 1983 and by Title VII of the Civil Rights Act of 1964, as amended.

4.

Plaintiff has filed an EEOC charge, attached hereto as Exhibit "A," the allegations of which are incorporated herein by reference. Plaintiff has also received the right to sue letter, attached hereto as Exhibit "B."

5.

Plaintiff was hired as a speech pathologist by Defendant in August 2001. Plaintiff had an impeccable record, with no complaints about her job performance and much praise about her job performance, from 2001-2006.

6.

In approximately May 2006, elementary school principal Margaret Boyd asked Plaintiff to become assistant principal working under her. This request was made based upon Plaintiff's excellent performance record and Plaintiff's having been selected as Mississippi Speech Language and Hearing Association School Clinician of the Year, and upon Plaintiff's known extensive knowledge of special education. Plaintiff was known as being extremely organized, and a top-ranked administrator. At that time, there was absolutely no question about Plaintiff's job performance or what an excellent job Plaintiff did.

7.

In 2007, the Superintendent of Education, Mike Foster, was opposed for re-election as superintendent by Carolyn Davis, the SPED Director. During the election campaign, Ben McClung,

Assistant Superintendent of Education, strongly supported the incumbent, Superintendent Mike Foster. Foster and McClung assisted Foster's campaign by distributing requests for teachers to purchase and endorse ads in support of Foster. Plaintiff declined to sign any ad supporting Foster, since Plaintiff believed that Davis was an outstanding educator, and Plaintiff could not in good faith support Foster in the election.

8.

On one occasion, in order to assist Foster's campaign, McClung approached Plaintiff and requested that Plaintiff supply adverse information about Davis to place into Davis' personnel file. Plaintiff informed McClung that such activity would be negative to Davis' personnel file would be inappropriate.

9.

Following Plaintiff's declining to support Foster in the campaign against Davis, a number of adverse actions were taken against Plaintiff, including refusing to give Plaintiff a raise to which she was due because she had received her degree in administration, leaving Plaintiff out of educational meetings; removing various educational materials from Plaintiff's office; and isolating Plaintiff from the educational process.

10.

In May 2009, the principal informed Plaintiff that she was contemplating removing Plaintiff as assistant principal and replacing Plaintiff with a male. Plaintiff protested, and the Defendant ultimately did not replace Plaintiff at that time. However, the principal then claimed a dissatisfaction with Plaintiff's performance, and placed Plaintiff on a performance improvement plan. Before Plaintiff had protested the contemplated removal of her as assistant principal, before Plaintiff had

3

refused to support Mike Foster in the election campaign and before Plaintiff had refused to assist in putting adverse entries in Davis' personnel file, there had been no complaints about Plaintiff's performance. Following the protected activity and in May 2009, Plaintiff was placed on an improvement plan based upon Defendant's pretextual complaints about Plaintiff's performance, including tardiness, talking too loud, and being too harsh with the students.

11.

Thereafter, as part of the performance plan, Plaintiff was required to "clock in" at school. Plaintiff was the only administrator required to clock in. Although the official start time for school was 7:15 a.m., many administrators and many teachers did not meet that clock-in deadline.

12.

On or about May 5, 2010, Plaintiff was informed that her employment contract would not be renewed based on multiple complaints of poor job performance, including checking in after 7:15 a.m.

13.

One of the reasons given for Plaintiff's non-renewal was the Defendant's claim that it was having a cut-back. However, if there were a legitimate cut-back, Plaintiff would not have been the logical person to be laid off. A male assistant principal, Scott Haley, had substantially less experience in the school district than did Plaintiff.

14.

Plaintiff's loss of her employment was the result of:

A. Plaintiff's exercising her First Amendment rights, by refusing to provide adverse documentation on Carolyn Davis, failure to campaign against Davis for the position of superintendent and failing to sign on in support of Foster; and

B. Plaintiff's exercise of First Amendment rights and Plaintiff's opposition to sex discrimination when Defendant announced a plan to move her from the assistant principal position so that position could be given to a man; and

C. Giving preference to a male in violation of Title VII of the Civil Rights Act of 1964.

15.

Plaintiff has suffered mental anxiety and stress and lost income as a result of Defendant's illegal acts.

16.

Defendant is liable to Plaintiff for actual damages, for lost income, and damages for mental anxiety and stress.

### REQUEST FOR RELIEF

Plaintiff requests damages in an amount to be determined by a jury, for reinstatement and reasonable attorneys' fees, costs and expenses.

Respectfully submitted,

WAIDE & ASSOCIATES, P.A.

BY: _____
JIM WAIDE
MS BAR NO. 6857

WAIDE & ASSOCIATES, P.A.
ATTORNEYS AT LAW
POST OFFICE BOX 1357
TUPELO, MISSISSIPPI 38802
TELEPHONE: 662-842-7324
FACSIMILE: 662-842-8056
EMAIL: waide@waidelaw.com

Attorneys for Plaintiff

5

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

AGENCY ☐ ☐

CHARGE NUMBER: 490-2010-01968

and EEOC

_State or local Agency, if any_

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| LISA CARPENTER MOONEY | 662-236-2730 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 756 Highway 6 West | Oxford, MS 38655 | 4/12/74 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Lafayette County School District | 30+ | 662-234-5627 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 100 Commodore Dr. | Oxford, MS 38655 | Lafayette |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ AGE
☐ RETALIATION ☐ NATIONAL ORIGIN ☐ DISABILITY ☐ (Other) OPPOSITION

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA) LATEST (ALL)

May 5, 2010

☐ continuing action

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On May 5, 2010, I was informed that I was non-renewed for my position as assistant principal. The previous year, an effort had been made to get rid of me and to replace me with a man on a "part-time basis." I believe the school district wanted a man in my administrative position. Also, another factor is my lack of political support for the superintendent of education. I had previously refused to give adverse information regarding Carolyn Davis, the SPED director who ran against the superintendent, Mike Foster, in 2007. The assistant superintendent, Ben McClung, wanted adverse information on Ms. Davis.

Additionally, I had been criticized for sending my child to a private school.

I believe my discharge is a combination of my sex (female) and my lack of political association and support for the superintendent and of my sending my child to a private school.

I believe I have been discriminated against because of my sex (female) in violation of Title VII of the Civil Rights Act of 1967, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary to meet State and Local Requirements)

[Stamp: EQUAL EMPLOYMENT OPPORTUNITY COMMISSION RECEIVED JUN 10 2010 MEMPHIS, TENN.]

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

I declare under penalty of perjury that the foregoing is true and correct.

06.08.10
Date

_[signature]_
Charging Party (Signature)

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

EEOC FORM 5 (Test 10/94)

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Lisa Mooney
756 Highway 6 West
Oxford, MS 38655

From: Memphis District Office
1407 Union Avenue
Suite 901
Memphis, TN 38104

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 490-2010-01968 | Michael G. Hollis, Investigator | (901) 544-0146 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Katharine W. Kores,
Director

JAN 1 2 2011
(Date Mailed)

Enclosures(s)

cc: Michael Foster
Superintendent
LAFAYETTE COUNTY SCHOOL DIST.
100 Commodore Drive
Oxford, MS 38655

Jim Waide
Attorney
P. O. Boxx 1357
Tupelo, MS 38802

